IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
CHARLES SMITH,                         :
                                       :
        Petitioner,                    :
                                       :      CIVIL ACTION
     v.                                :      NO. 11-1830
                                       :
MARIROSA LAMAS,                        :
                                       :
        Respondent.                    :
```

**O R D E R**

**AND NOW**, this **23rd** day of **November, 2011,** upon careful and independent consideration of the petition for a writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice, it is ORDERED that:

1. The Report and Recommendation is **APPROVED and ADOPTED**;[1]

---

[1] Petitioner filed timely objections to Magistrate Judge Rice's Report and Recommendation, raising objections to the findings of procedural default for claims one and two and a lack of merit with respect to claim three. First, Petitioner claims that his Fifth Amendment and Brady claims were adjudicated on the merits and preserved for appeal in the state courts and therefore are not procedurally barred. Pet'r's Objs. at 1-2. While Petitioner may assert a federal claim without explicitly referencing specific portions of the federal constitution, the Petitioner here did not serve fair notice to the state courts that he was asserting either a due process claim or a Brady claim. McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (holding that the required message [of a federal claim] can be conveyed

through "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation")(quoting Evans v. Court of Common Pleas, Del. County, Pa., 959 F.2d 1227, 1232 (3d Cir. 1992)). Petitioner's claims in state court made no reference to a constitutional or federal right and cited only state cases considering state statutory and evidence law without employing any constitutional analysis. Magistrate Judge Rice noted with respect to the Brady claim that "even if one of the cases [Petitioner] relied on at the state court level cited Brady, requiring this court to follow a 'daisy chain' to support [Petitioner]'s federal constitutional claim is an insufficient presentation of the federal claim." R & R at 7 n.3 (citing Howell v. Mississippi, 543 U.S. 440, 443-44 (2005)). Moreover, Petitioner's Superior Court brief does not assert these claims in "terms so particular as to bring to mind" a constitutional right, nor does he "allege a pattern of facts well within the mainstream of constitutional litigation." Thus, Petitioner's due process and Brady claims are procedurally defaulted because he failed to properly present them to the state courts.

Even if Petitioner had properly exhausted his federal constitutional claim under Brady in state court, Petitioner is nonetheless not entitled to relief because the judgment of the state court is neither unreasonable nor contrary to well-established Supreme Court precedent. Petitioner alleges that the Commonwealth denied him due process in waiting until after Timothy Freeman, a government witness, testified, to hand over a letter containing impeachment evidence against Freeman. The Pennsylvania Superior Court rejected this claim for lack of prejudice pursuant to Pennsylvania state court criminal discovery rules because, in spite of his late receipt of the letter, Petitioner was able to use the letter at trial, engage in extensive supplemental cross-examination of Freeman, and obtain a jury instruction for crimen falsi against Freeman. See Memorandum at 8, Commonwealth v. Smith, No. 1504 EDA 2005 (Pa. Super. Ct. July 20, 2006). The Superior Court's conclusion is in accord with federal law because no denial of due process occurs if Brady material is disclosed in time for its effective use at

2

trial. "In order to find a Brady violation in the first place, a court must find that some prejudice ensued to the defendant." Gov't of the Virgin Islands v. Fahie, 419 F.3d 249, 256 n.10 (3d Cir. 2005). "Where the government makes Brady evidence available during the course of a trial in such a way that a defendant is able to effectively use it, due process is not violated and Brady is not contravened." United States v. Johnson, 816 F.2d 918, 924 (3d Cir. 1987); see also United States v. Ingraldi, 793 F.2d 408, 411-412 (1st Cir. 1986)(holding that Brady was not contravened where government disclosed impeachment material of chief government witness five days into trial because petitioner was able to effectively cross-examine the witness); United States v. Clark, 538 F.2d 1236, 1237 (6th Cir. 1976)(concluding that disclosure of negative fingerprint report to defense on the third day of trial consistent with Brady); United States v. Root, 560 F. Supp. 2d 402, 419 (E.D. Pa. 2008). As the Superior Court's determination was neither unreasonable nor contrary to clearly established Supreme Court precedent, Petitioner is not entitled to relief.

Second, Petitioner asserts that Magistrate Judge Rice did not reach the merits of his ineffective assistance of counsel claim based on trial counsel's failure to raise a weight of the evidence argument after sentencing or on direct appeal. Pet'r's Objs. at 4. As this claim was found to have been waived on appeal from the PCRA court's decision, Magistrate Judge Rice concluded that this claim would be procedurally barred in this Court as well. R & R at 15 n.6. Under 28 U.S.C. § 2254 (b)(1), a habeas court may not grant relief unless a petitioner "has exhausted the remedies available in the courts of the State." Furthermore, an issue is waived if a petitioner fails to raise it and the issue could have been raised before trial, at trial, on appeal, in a habeas proceeding, or in a prior proceeding. 42 Pa. Cons. Stat. § 9544. While Petitioner raised this claim in his appeal from the PCRA court's decision, the Superior Court deemed the claim waived due to procedural defaults in his presentation of the claim on appeal. Memorandum at 8, Commonwealth v. Smith, No. 2067 EDA 2009 (Pa. Super. Ct. Dec. 16, 2010); see Sistrunk v. Vaughn, 96 F.3d 666, 671 n.4 (3d Cir. 1996)("[T]he [Pennsylvania Rules of Appellate Procedure] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court."). A state law waiver is an independent and adequate

2. The Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** with prejudice;

3. A Certificate of Appealability will not issue; and

4. The Clerk of the Court shall mark this case closed for statistical purposes.

    **AND IT IS SO ORDERED.**

                                     s/Eduardo C. Robreno
                                  **EDUARDO C. ROBRENO, J.**

---

state law ground that bars federal habeas review, and thus, as with Petitioner's first and second claims, this Court cannot reach the merits of this procedurally defaulted claim.

    Third, Petitioner restates his argument that he was prejudiced by his trial counsel's refusal to object to the lack of a recklessness instruction. Pet'r's Objs. at 5. Given that trial counsel had no arguable basis to object to the lack of a recklessness instruction, the PCRA court and the Superior Court found that trial counsel's actions were reasonable and not ineffective because recklessness was not an element required for conviction under either aggravated assault charge. Magistrate Judge Rice concluded that Petitioner's ineffectiveness claim lacked merit because the state court applied Strickland to the facts of his case in an objectively reasonable manner. Specifically, Magistrate Judge Rice agreed that "[n]ot only was [Petitioner] not entitled to this instruction, as the trial court correctly, noted, he suffered no prejudice because 'reckless' is a lower standard of proof than 'knowingly' and 'intentionally.'" R & R at 17. As "counsel cannot be [deemed] ineffective for failing to request an instruction to which defendant was not entitled," the state court's analysis deeming Petitioner's ineffectiveness claim meritless was not objectively unreasonable. Gov't of the Virgin Islands v. Lewis, 620 F.3d 359, 371-72 (3d Cir. 2010). The Court adopts Magistrate Judge Rice's conclusion and accordingly finds Petitioner's objection and his third claim meritless.

4